CURTIS, Appellee and Cross–Appellant,

v.

CURTIS, Appellant and Cross–Appellee.

[Cite as *Curtis v. Curtis* (2000), 140 Ohio App.3d 812.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–000330 and C–000358.

Decided Dec. 8, 2000.

*Howard & Bodnar Co., L.P.A., Barbara J. Howard* and *Bertha G. Helmick,* for appellee and cross-appellant.

*Robert N. Trainor,* for appellant and cross-appellee.

WINKLER, Judge.

In January 1995, the domestic relations court ordered that a decree of dissolution be granted to Richard C. Curtis and Monica S. Curtis (n.k.a. Solomon). Under the decree, Curtis was named the residential parent of the couple's

daughter, Elizabeth. On October 1, 1998, Solomon filed a motion for shared parenting.

Curtis filed two motions for attorney fees, based upon R.C. 2323.51 and 3105.18(H), and the court's equity powers, before Solomon filed a Civ.R. 41(A) dismissal as to the shared-parenting motion on February 24, 2000. At that time, the trial court had not yet ruled on either of Curtis's motions for attorney fees. After the notice of dismissal, on March 20, 2000, Curtis filed a third motion for attorney fees. After a hearing on Curtis's motions, the trial court awarded $7,926 in attorney fees to Curtis. From this award, both parties appeal.

Solomon contends that (1) the trial court was without jurisdiction to make the award after Solomon had filed a voluntary dismissal of her motion pursuant to Civ.R. 41(A) and (A)(2) that the trial court had no legal basis upon which to make the award. In Curtis's cross-appeal, he asserts that the trial court's $7,926 award was insufficient in light of the $22,192 in attorney fees that he had incurred. We overrule both of Solomon's assignments of error, sustain Curtis's sole assignment of error, and remand the case to the trial court.

We reject Solomon's contention that the trial court lacked jurisdiction to hear Curtis's motions for attorney fees. While a trial court is generally divested of jurisdiction following a plaintiff's voluntary dismissal under Civ.R. 41(A), it does not lose jurisdiction to consider properly filed motions for sanctions under R.C. 2323.51. See *Schwartz v. Gen. Acc. Ins. of Am.* (1993), 91 Ohio App.3d 603, 606, 632 N.E.2d 1379, 1381; see, also, *Lewis v. Celina Fin. Corp.* (1995), 101 Ohio App.3d 464, 470, 655 N.E.2d 1333, 1337. "[A]ny other result would permit a party to voluntarily dismiss an action to evade an award of sanctions * * *." *Lewis, supra.* The same rationale applies to motions for attorney fees filed pursuant to R.C. 3105.18(H), which authorizes a court to award reasonable attorney fees "at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree." See, *e.g., Banning v. Banning* (Mar. 19, 1999), Greene App. Nos. 98CA67 and 98CA99, unreported, 1999 WL 148033.

Therefore, we hold that the trial court did not lose jurisdiction to consider Curtis's motions for attorney fees after Solomon filed a voluntary dismissal under Civ.R. 41(A). Solomon's first assignment of error is overruled.

We address Solomon's second assignment of error and Curtis's sole assignment of error collectively. Solomon contends that the trial court had no legal basis upon which to make an award of attorney fees, while Curtis contends that the court's award of fees was insufficient in light of the evidence presented.

■ This court reviews an award of attorney fees for abuse of discretion. See *Gill v. Gill* (Oct. 10, 1997), Hamilton App. No. C–960610, unreported, 1997 WL 624827. In order for a court to order one party to pay another's attorney fees, the shifting of fees must be (1) authorized by statute or (2) based on the court's determination that the party ordered to pay fees has acted "in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons." *Gill, supra.*

■ Before the court may award attorney fees under R.C. 3105.18(H), the court must determine (1) that the party ordered to pay has the ability to pay, and (2) whether either party would be prevented from fully litigating his rights and adequately protecting his interests if attorney fees were not awarded. We note that Solomon stipulated that she had the ability to pay the attorney fees. Furthermore, Curtis testified about his inability to pay for protracted litigation, his large amount of debt, and his attempts to bring resolution to the custody dispute. The record demonstrates that the court considered the financial situations of the parties and "the large amount of money that's spent in litigating this issue" when it awarded fees to Curtis. While the court did not recite the exact language of R.C. 3105.18(H), the record supports such an award under the statute.

■ R.C. 2323.51 permits a court to award attorney fees to a party who has been affected by frivolous conduct. Furthermore, a trial court has the inherent power to address bad-faith conduct. See *Gill, supra.* In this case, while the trial court did not specifically state whether it made the award of fees for frivolous or bad-faith conduct under either R.C. 2323.51 or its own authority, the record demonstrates that the trial court was concerned with Solomon's conduct. It appears from the record that Solomon's mischaracterization of an issue may have led the court to order an unnecessary and time-consuming parenting investigation, thereby causing Curtis's attorney fees to escalate.

■ While the record does not make clear whether the trial court based its award upon its inherent authority to sanction bad-faith conduct, or upon R.C. 3105.18(H) or R.C. 2323.51, the record demonstrates that an award under any of these authorities was justified. But because we cannot determine how the trial court arrived at a $7,926 award in light of the evidence that Curtis's attorney fees exceeded $22,000, we cannot say that a "sound reasoning process" supported the trial court's decision as to the amount of fees. See *Schroeder v. Schroeder* (Aug. 18, 2000), Hamilton App. No. C–990532, unreported, 2000 WL 1161999.

Therefore, we overrule Solomon's second assignment of error and sustain Curtis's single assignment of error. We affirm the judgment of the trial court insofar as it awards attorney fees to Curtis and reverse the judgment as to the amount of attorney fees awarded. We remand this case to the trial court for a

recalculation of the fees on the basis of the evidence of record, and for any further proceedings that may be necessary to comport with law.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

HILDEBRANDT, P.J., and DOAN, J., concur.