OPINION
Appellant, Scott W. Spencer, appeals from the October 11, 2000 judgment of the Franklin County Court of Common Pleas ordering appellant to personally pay attorney's fees and costs in the amount of $27,846.09 as a sanction for his conduct in the underlying litigation. Appellant is the former trial counsel for defendants, Shafer Consulting Group, Inc., and Richard Shafer, in the underlying case which remains pending before the trial court.[1]
On May 21, 1998, appellee, Pinnacle Technology Resources, Inc., filed the underlying action against defendants to collect approximately $295,000 it alleged it was due for services rendered from defendants, Shafer Consulting Group, Inc., and Richard Shafer. As the case proceeded, the trial court admonished appellant for his conduct on two occasions. On December 7, 1999, the trial court partially granted a motion to strike defendants' answers and counterclaims to an amended complaint and for sanctions pursuant to Civ.R. 11. The trial court noted, "there appears to be a pattern of tardiness and delay, and a pattern, either negligent or intentional, of submitting false certificates of service." (Entry of Dec. 7, 1999.) As a result of appellant's conduct, the trial court ordered appellant to pay appellee's attorney fees and costs incurred to prepare the May 24, 1999 motion to strike. Id. On January 31, 2000, trial counsel again admonished defendants and appellant for appellant's neglectful conduct stating, "[d]efendants and their Counsel should be aware that this Court's patience with such neglectful conduct is not inexhaustible." (Jan. 31, 2000 decision and entry granting defendants' Motion for Leave to File Answers filed 12- 20-1999.)
The proverbial "straw that broke the camel's back" in itself appeared to be a relatively minor incident, yet it led to a three-day hearing before the trial court on the motion for sanctions. On March 25, 1999, appellee served its first amended complaint by U.S. mail on appellant at 450 West Wilson Bridge Road, an address from which appellant had moved some months previously. Appellant claimed that he did not receive the amended complaint until April 5, 1999. Despite having until April 12, 1999 to serve defendants' answers, appellant instead backdated the certificate of service on his answers to the amended complaint to make it appear that he had served his answer in a timely manner.[2]
Unfortunately for appellant, he could not explain how a pleading allegedly placed in the mail on April 11, 1999 bore a file-stamp from the clerk of court of April 14, 1999. Later, in papers filed with the trial court, appellant asserted that out of all the vendors, clients, courts and adversary firms with which appellant was involved, counsel for appellee was the only one who consistently failed and/or refused to use appellant's correct address.
Believing that appellant had insinuated that appellee's counsel had intentionally misdirected mail to appellant, counsel for appellee began an investigation of appellant's conduct in this and other cases. Counsel for appellee investigated other cases in which attorneys had sent pleadings and documents to the wrong address for appellant. Counsel for appellee also contacted other attorneys and court employees to find out if they had received notice of appellant's change of address. Counsel for appellee investigated representations appellant made in affidavits and various motions for extensions of time. Counsel for appellee investigated instances in which appellant used his old mailing address in documents filed with the court. As a result of his investigation, counsel for appellee found what he believed to be a pattern of prevarication.
On March 30, 2000, appellee filed a "Motion for Reconsideration of the Court's Order Allowing Defendants to File and Answer Out of Rule and For Sanctions." Appellee also moved for sanctions against appellant on the basis of Civ.R. 11, R.C. 2323.51, and the court's inherent power. The trial court conducted an extensive hearing on the motion and granted the motion to reconsider. The trial court vacated its January 31, 2000 entry granting leave to file the answer to the amended complaint out of rule and struck the answer from the record. The trial court specifically found that "[a]s a result of defense counsel's behavior in this case, defense counsel's testimony and demeanor during the evidentiary hearing, and all the evidence presented this Court affords the word of defense counsel zero credibility." (Aug. 24, 2000 decision granting plaintiff's March 30, 2000 Motion to Reconsider.) As a sanction for his "outrageous conduct," the trial court ordered appellant to pay the reasonable attorney fees and costs associated with the prosecution of the motion. Id.
On September 26, 2000, the trial court conducted a hearing on the attorney fees to be levied on appellant. At the conclusion of the hearing, the trial court imposed the sum of $27,846.09 as its sanction.
On appeal, appellant has assigned as error the following:
 1. The trial court abused its discretion by permitting appellee to engage in conduct which constitutes abuse of process.
 2. The trial court abused its discretion by granting appellee's March 30, 2000 motion to reconsider and for sanctions.
 3. The trial court abused its discretion by awarding appellee attorney fees wholly unrelated to the court's consideration of the propriety of Shafer Consulting Group and Shafer's motion for leave to file separate answers and counterclaims to the appellee's First Amended Complaint.
In his first assignment of error, appellant attempts to shift the focus away from his own misconduct and turn the tables on his adversary. Appellant contends that it is counsel for appellee who misused the legal system for his own purposes in pursuing sanctions against appellant for improper and ulterior motives. First, appellant asserts that appellee's counsel pursued sanctions because he was angry with appellant for questioning why the first amended complaint was sent to an incorrect address, thereby implying that appellee's counsel was being less than honest. Second, appellant contends that counsel for appellee pursued sanctions against appellant in an attempt to gain an advantage in settlement negotiations.
Whether counsel for appellee was angered by appellant's behavior or insinuations of unethical behavior is largely immaterial to the considerations in this case. Appellant's misconduct was real and pervasive. It affected appellee's ability to try the case. Appellee had good reason to conclude that appellant had knowingly falsified the certificate of service on his late filed answers and knowingly misrepresented other facts which served to delay discovery in the underlying case. Appellee was, therefore, justified in pursuing the motion for sanctions when it became clear that appellant had misrepresented facts to the trial court.
Appellant also argues that counsel for appellee unethically proposed that appellant protect himself personally by compromising the interests of his former clients. On October 4, 2000, counsel for appellee wrote a letter to counsel representing appellant in the sanctions matter. In the letter, counsel for appellee wrote: "While I cannot guarantee anything, I think that if my client would get paid in full what is owed from Mr. Shafer, it would have less of an interest in pursuing Mr. Spencer." While somewhat troubling, the letter must be viewed in context. The letter was not written until the hearings on the motion for sanctions were concluded and $27,000 in attorney fees awarded to appellee. Thus, the letter had no effect on either the decision to award sanctions or the decision as to the amount of sanctions. The letter also must be viewed in the context of settlement negotiations that were taking place between the parties and appellant's close ties to defendant Richard Shafer. While perhaps ill advised, the letter appears to be an attempt to settle the underlying lawsuit. Therefore, appellant's first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant argues that the trial court's decision to award sanctions was against the weight of the evidence. Appellant claims the trial court abused its discretion in finding that defendants knowingly filed their answers and counterclaims out of rule. Appellant argues that in good faith he calculated the date his answers to the amended counterclaim were due from April 5, 1999, the date he received the amended complaint after it had been mailed to the wrong address. Appellant also argues the evidence showed that appellee was aware of appellant's change of address, that appellee's evidence that other attorneys and tribunals had not received notification of appellant's change of address was false, and that appellant's occasional use of an incorrect address was inadvertent and not conduct subject to sanction.
R.C. 2323.51 permits a court to award attorney fees to a party who has been affected by frivolous conduct. Curtis v. Curtis (2000),140 Ohio App.3d 812, 815. In addition, a trial court has inherent power to address bad-faith conduct. Wallace v. Hawkins (Mar. 13, 2001), Franklin App. No. 00AP-728, unreported; Gill v. Gill (Oct. 10, 1997), Hamilton App. No. C- 960610, unreported. Before a court may subject an attorney to appropriate action under Civ.R. 11, the attorney must have willfully violated the rule. Huntington Natl. Bank v. Abbott (Sept. 26, 1989), Franklin App. No. 89AP-432, unreported. This court reviews an award of attorney fees under an abuse of discretion standard. Id.; Wallace; Gill; Curtis, supra, at 815; State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65.
Here, while the trial court did not specify whether it was making its award based upon its inherent authority, pursuant to Civ.R. 11, or under R.C. 2323.51, the record amply supports the decision of the trial court to award sanctions against appellant. After conducting our own review of the record, we are in complete agreement with the trial court's assessment of appellant's credibility. Appellant repeatedly lied to opposing counsel, to the trial court, to other courts, and to other counsel. At the hearing, appellant repeatedly denied making statements until confronted with his own words as reflected in documents filed in this or other cases. At that point, appellant would either change his story to try to make it conform to the facts, or he would offer an excuse for his behavior.
Appellant was not sanctioned for miscalculating the date his responsive pleading was due. Appellant was not sanctioned for occasionally making a mistake and unknowingly using an incorrect address. Appellant was sanctioned for repeatedly lying to the court and opposing counsel in documents filed with the court, in his testimony in the sanctions hearing, and for backdating the certificate of service to make it appear that his answers were served timely. Accordingly, the trial court did not abuse its discretion in determining that sanctions were appropriate. Appellant's second assignment of error is not well-taken and is overruled.
In his third assignment of error, appellant argues the trial court abused its discretion by considering pleadings and documents filed in other cases that were not directly related to the issue of the late filing of appellant's answers to the amended complaint. Appellant also argues that the trial court erred in ordering appellant to pay the attorney fees and costs associated with the prosecution of the motion because appellee undertook a time-intensive investigation of appellant that consumed more than one hundred and twenty hours, that was largely unrelated to the instant action, and that related to pleadings filed in other actions or other jurisdictions. Appellant contends that only the fees incurred in defending a groundless pleading may be awarded and, accordingly, the trial court erred in awarding sanctions for the prosecution of the motion. We disagree.
In the course of investigating appellant's conduct relating to delay, the falsification of the certificate of service, and appellant's allegations that appellee misdirected the amended complaint to an address from which appellant had moved, counsel for appellee discovered numerous cases in which appellant made the same or similar misrepresentations in affidavits and other documents filed with the trial court and in other courts. At the hearing, appellant offered only a general objection to all the documents introduced in the case, but he never specifically objected to the introduction of documents involving cases other than the instant case. As this court explained in Dillon v. Waller (Dec. 26, 1995), Franklin App. No. 95APE05-622, unreported: "[g]enerally, when a party fails to object to the introduction of evidence, the party waives the right to assign as error the introduction of the evidence. Therefore, any error predicated on their admission is waived and cannot be raised for the first time on appeal." Accordingly, we find that appellant has waived this issue for purposes of appeal.
In addition, by comparing the representations in one set of documents to the representations made in other sets of documents, counsel for appellee was able to establish a pattern of deceitful behavior. At the hearing on the motion for sanctions, appellant would attempt to justify or excuse his conduct in a particular instance by claiming it was an isolated mistake. Only upon being confronted with his repeated misrepresentations did appellant ever admit that there were occasions in which he was not entirely truthful. While counsel for appellee did spend an extraordinary amount of time researching and investigating the motion for sanctions, the time was necessary, given appellant's pattern of prevarication and denial both before and during the hearing.
Appellant also argues the fees awarded were excessive because they were not generated in responding to the merits of defendants' motion for leave to file its answers and counterclaim out of rule. The case law appellant cites in support of this proposition had been superseded by the decision of the Supreme Court of Ohio in Ron
Scheiderer Assoc. v. City of London (1998), 81 Ohio St.3d 94. In Scheiderer, the Supreme Court of Ohio held that an award of attorney fees made by a court pursuant to R.C. 2323.51 may include fees incurred in prosecuting a motion for sanctions, and that such an award may be made against the party's counsel. Such is precisely the case here. We find no abuse of discretion in the trial court's decision to award sanctions against appellant for the prosecution of the motion for sanctions. Accordingly, the third assignment of error is not well-taken and is overruled.
Based on the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and DESHLER, JJ., concur.
[1] Although the underlying litigation remains pending, the trial court indicated in its entry of October 11, 2000, that there was no just cause for delay, and "execution may issue." Thus, we find the trial court's judgment entry to be a final appealable order pursuant to R.C.2505.02(B)(4) as it grants a provisional remedy, and appellant would not be afforded a meaningful or effective remedy by waiting until final judgment is entered in the underlying case.
[2] April 11, 1999 fell on a Sunday, so appellant had until April 12, 1999 to serve his answer to the amended complaint. See Civ.R. 15(A) (a party shall plead in response to an amended pleading within fourteen days after service of the amended pleading) and Civ.R. 6(A) (if last day of a period to perform an act falls on a Sunday, the period runs until the end of the next day if not a legal holiday), and Civ.R. 6(E) (three days added to prescribed period when service is by mail).