OPINION
{¶ 1} Jocelyn Haas ("Mrs. Haas") appeals from a judgment of the Miami County Court of Common Pleas, which awarded a distributive payment and attorney's fees to Gerald Haas ("Mr. Haas") as a result of Mrs. Haas' misrepresenting her income to the court.
 {¶ 2} Mr. Haas filed a complaint for divorce on March 23, 2000. A final divorce hearing was held on October 17, 2000. Pursuant to the parties' divorce decree, Mr. Haas was named the custodial parent of the parties' children, and Mrs. Haas was ordered to pay $311.68 per month in child support. Following the hearing, it was revealed that Mrs. Haas had lied about her employment as an exotic dancer and her income. As a result of Mrs. Haas' misrepresentations, the parties filed an agreed entry providing that the divorce decree would be set aside under Civ.R. 60(B) and that the court would reconsider the issues of child support, spousal support, division of marital debt, and the costs paid by Mr. Haas in obtaining accurate information regarding Mrs. Haas' employment.
 {¶ 3} Hearings were held before a magistrate on May 15 and July 20, 2001. The magistrate filed a decision on December 21, 2001, which increased the amount of child support Mrs. Haas was to pay from $311.68 to $572.85 per month, allocated to Mrs. Haas an additional $2,893.39 in marital debt, and ordered Mrs. Haas to pay $2,000 in attorney's fees and $1,000 in investigator fees to Mr. Haas. Mr. Haas filed objections to the magistrate's decision on January 3, 2002. On January 30, 2002, the trial court affirmed in part and modified in part the magistrate's decision. The court modified the magistrate's decision by ordering Mrs. Haas to pay an additional distributive award of $3,870 and to pay Mr. Haas' attorney's fees in the amount of $17,256.16 and investigator fees in the amount of $2,500.
 {¶ 4} Mrs. Haas appeals, raising two assignments of error.
 {¶ 5} "I. THE COURT WAS WITHOUT JURISDICTION TO MAKE A DISTRIBUTIVE AWARD WHEN THERE WAS NO RESERVATION OF JURISDICTION."
 {¶ 6} Under this assignment of error, Mrs. Haas argues that the trial court lacked jurisdiction to modify the property division and to make an additional distributive award.
 {¶ 7} R.C. 3105.171(I) provides that "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." Therefore, pursuant to thissection, the trial court would have lacked jurisdiction to modify the property distribution of the parties by ordering Mrs. Haas to pay an additional $3,870.
 {¶ 8} Mr. Haas makes two arguments to support the trial court's award. First, he argues that it was permitted under R.C. 3105.171(E)(3), which permits a court to make a distributive award where one spouse has engaged in financial misconduct. However, this section applies to the initial property division and does not grant a court jurisdiction to modify a property division.
 {¶ 9} Second, Mr. Haas points to Dombroski v. Dombroski (Sept. 28, 1999), Harrison App. No. 506, as support for his argument that the court has jurisdiction to modify a property division when one party has engaged in misconduct at the divorce hearing leading to an inequitable result. However, that case is distinguishable in that it involved a contempt action and the court's power to punish contempt. See id. The case before us involves a motion under Civ.R. 60(B). A court is permitted to modify a property distribution pursuant to granting a motion brought under Civ.R. 60(B)(1), (2), or (3). See In re Whitman (1998),81 Ohio St.3d 239, 244, 1998-Ohio-466, 690 N.E.2d 535. However, in this case, the parties specifically listed the areas that the trial court was to consider, and the division of property was not among them. While we recognize that allocation of marital debt is, in effect, part of the division of property, we do not believe that the parties' agreement that the court would reconsider the allocation of marital debts permitted the court to make an additional distributive award. Rather, the parties' agreement limited the court's jurisdiction to debt only. Absent agreement by the parties to modify the division of assets, the court lacked jurisdiction to order Mrs. Haas to pay an additional $3,870 distributive award.
 {¶ 10} The first assignment of error is sustained.
 {¶ 11} "II. THE COURT ABUSED ITS DISCRETION BY AWARDING ATTORNEY FEES AND COSTS WHEN THERE WAS NO EVIDENCE THAT THE DEFENDANT/APPELLANT COULD PAY FOR THEM."
 {¶ 12} Under this assignment of error, Mrs. Haas argues that the trial court abused its discretion in awarding attorney's fees to Mr. Haas without making all the findings required by R.C. 3105.18(H).
 {¶ 13} We review the trial court's decision for abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218,450 N.E.2d 1140. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id. at 219.
 {¶ 14} In order for a court to order one party to pay another's attorney fees, the shifting of fees must be "(1) authorized by statute, or (2) based upon the court's determination that the party ordered to pay fees has acted `in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons.'" Mays v. Mays, Miami App. No. 2000-CA-54, 2001-Ohio-1450, citing Curtis v. Curtis (2000), 140 Ohio App.3d 812,815, 749 N.E.2d 772. It is not entirely clear from the trial court's decision on what basis it awarded fees. However, there are three arguable possibilities.
 {¶ 15} The parties argue the case under R.C. 3105.18(H), which provides:
 {¶ 16} "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 17} Mrs. Haas argues that the court did not make a finding regarding whether she had the ability to pay Mr. Haas' attorney's fees. We agree. Neither the magistrate nor the trial court concluded that Mrs. Haas had the ability to pay $17,256.16 in attorney's fees. Mr. Haas asserts that the trial court's failure to state that Mrs. Haas had the ability to pay the fees imposed does not constitute reversible error because the record supports the awarding of fees. See Mays, supra. While we agree with the proposition of law, we cannot conclude that the record supports that Mrs. Haas had the ability to pay $17,256.16 in attorney's fees. The magistrate concluded that Mrs. Haas had an annual income of $39,520. Furthermore, the magistrate expressed skepticism that Mrs. Haas would be able to maintain her exotic dancing career, which provided more than half of that income, for any substantial period of time. The trial court specifically adopted the magistrate's decision regarding her income. Based upon the evidence in the record, we cannot conclude that the record supports Mrs. Haas' ability to pay the attorney's fees awarded by the trial court. Therefore, an award of attorney's fees in the amount ordered was not appropriate under R.C. 3105.18(H). (For the reason stated below, we do not believe that the statute contemplates an award of investigator fees under the circumstances of this case).
 {¶ 18} The trial court appears to have based its award of attorney's fees on either R.C. 2323.51, which provides for the awarding of attorney's fees as a sanction for frivolous conduct, or its determination that Mrs. Haas acted "in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons." R.C. 2323.51 would not be an appropriate basis for the awarding of attorney's fees in this case. It permits a court to award attorney fees to a party when the opposing party has engaged in "frivolous conduct," including actions taken to harass or maliciously injure another party. However, before imposing fees under this statute, the court is required to hold a hearing to determine whether the conduct was frivolous. R.C. 2323.51(B)(2). No such hearing was held in this case, and there is no indication from the record that Mrs. Haas misrepresented her income for the purpose of harassing or maliciously injuring Mr. Haas. See Gill v. Gill (1997), Hamilton App. No. C-960610. Therefore, R.C. 2323.51 does not support the trial court's award of attorney's fees to Mr. Haas.
 {¶ 19} The final basis for awarding attorney's fees in this case is the trial court's inherent power to award attorney's fees against a party when it determines that the party acted "in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons." The trial court concluded that Mrs. Haas had deliberately misrepresented the amount of her income and that Mr. Haas' legal and investigative expenses were caused by Mrs. Haas' misrepresentation. Based upon these conclusions, the trial court awarded Mr. Haas the full amount of his legal and investigative fees. We do not disagree with the trial court's making an award of attorney's fees in this case. Mrs. Haas admitted to having deliberately misled the court at the parties' final divorce hearing, and this fraud upon the court resulted in Mr. Haas having to incur significant expense. Therefore, an award of attorney's fees was appropriate under the trial court's inherent authority to punish Mrs. Haas' actions. However, we believe that, in exercising its discretion to award fees, the trial court should consider the reasonableness of its fee award in light of all the facts in the case. As we noted above, the magistrate and the trial court reached vastly different conclusions regarding the appropriate fee award. In its decision, the trial court gave no consideration to Mrs. Haas' ability to pay the amount of attorney's fees it was ordering. In this respect, the trial court`s analysis of the attorney fee issue was incomplete.
 {¶ 20} With regard to the award of investigator's fees, Mr. Haas hired the private investigator himself prior to hiring his attorney, and he paid the investigator directly. Under the circumstances of this case, we do not believe that the investigator fees constitute attorney's fees. Therefore, the court erred in ordering Mrs. Haas to pay the private investigator fees incurred by Mr. Haas.
 {¶ 21} The second assignment of error is sustained.
 {¶ 22} The judgment of the trial court will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.
FAIN, J. and YOUNG, J., concur.