**GITLIN, Appellee,**

v.

**PLAIN DEALER PUBLISHING COMPANY et al., Appellants.**

[Cite as *Gitlin v. Plain Dealer Publishing Co.*, 161 Ohio App.3d 660, 2005-Ohio-3024.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85181.

Decided June 16, 2005.

Mark Immormino and James G. Corrigan, for appellee.

Baker & Hostetler, Todd H. Lebowitz, Elliot S. Azoff, and Karin M. Scholz, for appellants.

FRANK D. CELEBREZZE JR., Presiding Judge.

{¶ 1} Defendants-appellants, the Plain Dealer Publishing Company ("Plain Dealer"), Sports Editor Roy Hewitt, and former Recruitment and Development Editor Maxine Lynch (collectively, "defendants"), appeal the trial court's denial of their motion for sanctions and attorney fees against plaintiff-appellee, Marty Gitlin, pursuant to Civ.R. 11 and R.C. 2323.51. After reviewing the arguments of the parties and the applicable law, and for the reasons set forth below, we reverse and remand the matter to the trial court.

{¶ 2} On April 16, 2003, Gitlin filed a reverse race and sex discrimination lawsuit against the defendants. Gitlin, a white male, alleged that he was a victim of discrimination by not being hired by Plain Dealer to work as a sports reporter. It was Gitlin's contention that he was not hired because the defendants do not hire whites or males in the sports department.

{¶ 3} On February 13, 2004, defendants filed a motion for summary judgment, but Gitlin did not respond. On March 10, 2004, Gitlin's counsel filed a notice of dismissal, without prejudice, pursuant to Civ.R. 41(A). On March 15, 2004, the trial court dismissed the case without prejudice and assessed court costs against Gitlin.

{¶ 4} On April 5, 2004, defendants filed a motion for sanctions and attorney fees, pursuant to both Civ.R. 11 and R.C. 2323.51. The trial court held a hearing on this motion on August 10, 2004, and denied defendants' motion and assessed court costs to Gitlin, as recorded in the court's journal entry entered August 12, 2004.

{¶ 5} On August 31, 2004, defendants filed this appeal raising the following two assignments of error for this court's review:

{¶ 6} "I. Where defendants moved for sanctions and recovery of attorneys' fees under Rule 11 and where the trial court found that sanctions and attorneys' fees

were warranted, the trial court erred by denying such motion on the grounds that the plaintiff's filing of a Rule 41(A) notice of voluntary dismissal without prejudice divested it of jurisdiction to impose such sanctions."

{¶ 7} "II. Where defendants moved for sanctions and recovery of attorneys' fees under R.C. 2323.51 and where the trial court found that sanctions and attorneys' fees were warranted, the trial court erred by denying such motion on the grounds that 21 days had elapsed since the plaintiff's filing of a Rule 41(A) notice of voluntary dismissal without prejudice and that the passage of that time period divested it of jurisdiction to impose such sanctions."

{¶ 8} The defendants challenge the lower court's denial of their motion for sanctions and attorney fees. Absent a clear abuse of discretion, the lower court's decision should not be reversed. *Mobberly v. Hendricks* (1994), 98 Ohio App.3d 839, 845, 649 N.E.2d 1247. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. In order to find an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.

{¶ 9} The trial court's ruling at bar, as recorded in its journal entry dated August 12, 2004, reads: "Defendants Plain Dealer Publishing Company, Roy Hewitt, and Maxine Lynch's motion for sanctions and recovery of attorney fees pursuant to R.C. 2323.51 and Civ.R. 11, filed 04/05/2004, is denied. Plaintiff Marty Gitlin's Motion to dismiss defendant's motion for sanctions, filed 04/14/2004, is moot. Court cost assessed to the plaintiffs."

{¶ 10} "[I]t is well settled that a court speaks only through its journal entries. *State v. King* (1994), 70 Ohio St.3d 158, 162, 637 N.E.2d 903; *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 23 OBR 336, 492 N.E.2d 146. [However], when it is in the interest of justice for a reviewing court to ascertain the grounds upon which the judgment of a lower court is founded, then the reviewing court must examine the entire proceedings including the transcript. *Joyce v. General Motors Corp.* (1990), 49 Ohio St.3d 93, 95, 551 N.E.2d 172; *A.B. Jac., Inc. v. Liquor Control Comm.* (1972), 29 Ohio St.2d 139, 58 O.O.2d 342, 280 N.E.2d 371. See, also, *State ex rel. Kinnear Div., Harsco Corp. v. Indus. Comm.* (1997), 77 Ohio St.3d 258, 263, 673 N.E.2d 1290." *In re Hollis* (July 10, 1997), Cuyahoga App. No. 71134, 1997 WL 391339.

{¶ 11} Further review of the lower court's ruling on the case at bar, as shown in the August 10, 2004 motion hearing transcript, reveals that the basis for

the trial court's denial of defendants' motion was the trial court's belief that it lacked jurisdiction because defendants' motion was not timely filed. There the trial court stated:

{¶ 12} "Well, one thing the Court would agree that Mr. Immormino [counsel for Gitlin] got right on his case was his interpretation of Rule 41(A) and its effect of divesting the Court of jurisdiction of this matter. The Court agrees with the plaintiff's argument that the motion for frivolous conduct and attorney's fees filed pursuant to 2323.51 was not timely filed within 21 days of the dismissal of the case."

{¶ 13} Upon review of the entire record, we now find the trial court's ruling to be incorrect and an abuse of discretion.

{¶ 14} A voluntary dismissal of a complaint under Civ.R. 41 does not deprive a court of jurisdiction to grant sanctions under Civ.R. 11 or R.C. 2323.51. *State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.* (1995), 100 Ohio App.3d 592, 654 N.E.2d 443; see, also, *Schwartz v. Gen. Acc. Ins. of Am.* (1993), 91 Ohio App.3d 603, 632 N.E.2d 1379; *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 663 N.E.2d 657; *Curtis v. Curtis* (2000), 140 Ohio App.3d 812, 749 N.E.2d 772. While a Civ.R. 41(A)(1) voluntary dismissal generally does divest a court of jurisdiction, a court may still consider collateral issues, and a consideration of sanctions pursuant to Civ.R. 11 and R.C. 2323.51 is held to be collateral issues. *Mitchell v. W. Res. Area Agency on Aging,* Cuyahoga App. Nos. 83837 and 83877, 2004-Ohio-4353, 2004 WL 1853156. Thus, the trial court here properly retained jurisdiction over this motion for sanctions after Gitlin filed his voluntary dismissal.

{¶ 15} Furthermore, defendants' motion pursuant to former R.C. 2323.51 was timely filed. That statute read:

{¶ 16} "Subject to divisions (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action * * * the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct." Former R.C. 2323.51(B)(1).

{¶ 17} Accordingly, former R.C. 2323.51 required a motion to be filed either before the "commencement of trial" or within 21 days after "entry of judgment" in a civil action for that motion to be timely. The Ohio Supreme Court has held that the word "judgment," as used in R.C. 2323.51, means a final, appealable order. *Soler v. Evans, St. Clair & Kelsey* (2002), 94 Ohio St.3d 432, 763 N.E.2d 1169. This is to give "the aggrieved party the option of filing the sanctions motion at any time prior to trial or within twenty-one days of the last judgment rendered in the case." (Emphasis added.) Id. at 436, 763 N.E.2d 1169.

{¶ 18} In the case at bar, the final entry of judgment was made pursuant to the court's journal entry of March 15, 2004, which read: "87 DIS W/O PREJ—FINAL. PLAINTIFF HAVING FILED A NOTICE OF DISMISSAL, CASE DISMISSED WITHOUT PREJUDICE. COURT COSTS ASSESSED TO THE PLAINTIFF(S)." This journal entry, which not only gives notice of Gitlin's voluntary dismissal, but also assesses court costs, constitutes the last judgment rendered in this case. Thus, defendants had within 21 days of March 15, 2004 to timely file a motion pursuant to former R.C. 2323.51.

{¶ 19} Here, defendants made their motion for sanctions and attorney fees pursuant to Civ.R. 11 and former R.C. 2323.51 on April 5, 2004. That was within 21 days of the March 15, 2004 entry of judgment. Therefore, we reverse the ruling of the trial court denying defendants' motion and remand the matter for further proceedings.

Judgment reversed
and cause remanded.

ROCCO, J., concurs.

GALLAGHER, J., concurs separately.

SEAN C. GALLAGHER, Judge, concurring.

{¶ 20} I concur with the majority opinion, but write separately to clarify the law pertaining to the application of R.C. 2323.51 to a motion for sanctions filed after a case has been voluntarily dismissed.

{¶ 21} In *Soler v. Evans, St. Clair & Kelsey* (2002), 94 Ohio St.3d 432, 763 N.E.2d 1169, although the Supreme Court of Ohio stated that the word "judgment" as used in R.C. 2323.51 means "final appealable order," it used this phrase in the context of a voluntary dismissal. In that case, the plaintiff voluntarily dismissed her action after various defendants were granted summary judgment. The defendants filed sanction motions within 21 days of the voluntary dismissal. The issue before the court was whether the sanction motions should have been filed within 21 days of the rulings on the summary judgment motions. The court held that the final judgment in the case occurred when the plaintiff voluntarily dismissed her suit, and, therefore, the sanction motions were timely filed. Id. at 436, 763 N.E.2d 1169.

{¶ 22} Indeed, it has been repeatedly recognized that while a voluntary dismissal deprives a trial court of jurisdiction over the matter dismissed, a request for sanctions is a collateral matter over which the court retains jurisdiction. See, e.g., *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 23, citing *Grossman v. Mathless & Mathless, C.P.A.* (1993), 85

Ohio App.3d 525, 528, 620 N.E.2d 160; *State ex rel. J. Richard Gaier Co., L.P.A. v. Kessler* (1994), 97 Ohio App.3d 782, 784, 647 N.E.2d 564. In *Gaier*, the court indicated the intent of permitting motions for sanctions to survive voluntary dismissal, stating: "[A] party could force a defendant to expend significant time and money to defend an arguably frivolous action and then dismiss that action just prior to trial with little if any consequence. In that circumstance, the goal of Civ.R. 11 and its statutory counterpart, R.C. 2323.51, which is to prevent parties from using the judicial process to harass one another, would be significantly less achievable." Id. at 785, 647 N.E.2d 564.

{¶ 23} The result reached by the majority in this case is consistent with the interest in curbing baseless actions and abuse of the judicial system. I concur with the majority decision to remand the matter for consideration by the trial court.