[Cite as *Linetsky v. DeJohn*, 2012-Ohio-6140.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98370**

---

# TANYA M. LINETSKY, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# TIMOTHY M. DEJOHN, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-672668

**BEFORE:** Blackmon, A.J., Stewart, J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 27, 2012

**ATTORNEY FOR APPELLANTS**

Rhys B. Cartwright-Jones
42 North Phelps Street
Youngstown, OH 44503


**ATTORNEY FOR APPELLEE**

Brett M. Mancino
75 Public Square
Suite 1016
Cleveland, OH 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1}    Appellants Tanya Linetsky and Eldar Zarbavel[1] (collectively referred to as "appellants") appeal the trial court's judgment awarding sanctions for attorney fees against Linetsky in favor of  appellee  Timothy DeJohn ("DeJohn") and assign the following errors for our review:

> **I.   The trial court erred in granting a motion for attorney's fees under R.C. 2323.51 where the trial court lacked jurisdiction over the *post*-voluntary dismissal motion for attorney's fees.**
>
> **II.   The trial court erred in granting a motion under R.C. 2323.51 contrary to the law of the case that this Court has set down on remand.**
>
> **III.   The trial court erred in granting a motion for fees where the underlying case was legally and factually meritorious.**
>
> **IV.   The trial court erred in ordering attorney's fees, without first holding a hearing as to the amount of the fees under R.C. 2323.51(B)(2)(c) and without providing notice to all parties the Court intended to sanction.**
>
> **V.   The trial court erred in denying plaintiff's motion for attorney's fees.**

{¶2}    Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

## Facts

{¶3}    On April 25, 2007, Linetsky obtained two loans from Washington Mutual. The first loan was in the amount of $181,000 to refinance Linetsky's and Zarbavel's

---

[1]Zarbavel's name does not appear on the loan documents.

home. The second loan was an open-end mortgage in the amount of $25,977 to pay off credit card debt, which was evidenced by a promissory note and collateralized by a mortgage on the property.

{¶4} On October 7, 2008, approximately 18 months after the closing, the appellants filed a complaint against Timothy M. DeJohn ("DeJohn"), Carlyle Mortgage Services, Washington Mutual Bank, and JP Mortgage Bank[2] alleging violations of the Federal Truth in Lending Act ("TILA"), Ohio Consumer Sales Practices Act ("CSPA"), Ohio Mortgage Broker Act ("MBA"), and common law claims of fraud, conspiracy to commit fraud, and negligence. Appellants alleged that as to the first mortgage, they wanted a 30-year fixed-rate amortizable mortgage, but due to last minute modifications by Washington Mutual's broker, DeJohn, the first mortgage is actually a non-conventional ten-year, fixed rate, interest-only adjustable rate mortgage that would not amortize for its first ten years.

{¶5} Both parties filed motions for summary judgment. The trial court denied Linetsky's motion and granted DeJohn's motion on all claims without opinion. DeJohn subsequently filed a motion for attorney fees pursuant to R.C. 2323.51 for having to defend a frivolous lawsuit. The trial court granted the motion for fees in the amount of $7,525.

---

[2]Carlyle Mortgage Services was never served with the complaint and thus did not participate in the case, and Washington Mutual Bank and JP Morgan Chase were subsequently dismissed from the case by the appellants without prejudice.

**{¶6}** On appeal, we affirmed summary judgment for DeJohn on Linetsky's claims for violation of the TILA, fraud, conspiracy to commit fraud, and negligence claims. However, we found that the trial court erred by granting summary judgment on Linetsky's claims regarding violations of the CSPA and the MBA because there were material issues of fact in dispute of whether the notice regarding the change in the terms of the loan was timely given. We also held the trial court erred by awarding fees without conducting a hearing.

**{¶7}** On remand, the trial court reinstated the case to its active docket and scheduled a date for trial. Two weeks prior to the commencement of trial, Linetsky dismissed her case without prejudice pursuant to Civ.R. 41(A). DeJohn again filed a motion for attorney fees pursuant to R.C. 2323.51. The trial court held a hearing on whether sanctions should be imposed on Linetsky for alleged frivolous conduct. In a 19-page opinion, the trial court concluded that Linetsky's claims were frivolous and awarded DeJohn $9,045 in attorney fees.

### Trial Court's Jurisdiction

**{¶8}** In her first assigned error, Linetsky argues the trial court did not have jurisdiction to award attorney fees because DeJohn's request for attorney fees was filed after Linetsky dismissed her case pursuant to Civ.R. 41(A).

**{¶9}** In arguing the trial court lacked jurisdiction, Linetsky relies on a case from our court, *Dyson v. Adrenaline Dreams Adventures*, 143 Ohio App.3d 69, 757 N.E.2d 401 (8th Dist.2001), in which we held that a trial court lacks jurisdiction to rule on a motion

for sanctions when the motion is filed after a voluntary dismissal. However, *Dyson* was overruled by the Ohio Supreme Court in *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853.

{¶10} In *Hummel*, the Supreme Court held that "despite a voluntary dismissal under Civ.R. 41(A)(1), a trial court may consider certain collateral issues not related to the merits of the action." *Id.* at ¶ 23. The *Hummel* Court concerned costs pursuant to Civ.R. 43(E); however, the Ohio Supreme Court later cited *Hummel* in a case in which the Supreme Court held that sanctions for frivolous conduct could be considered after a case was voluntarily dismissed. *State ex rel. Ahmed v. Costine*, 100 Ohio St.3d 36, 2003-Ohio-4776, 795 N.E.2d 672. *See also ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. No. 96120, 2011-Ohio-5654; *Gitlin v. Plain Dealer Publishing Co.*, 161 Ohio App.3d 660, 2005-Ohio-3024, 831 N.E.2d 1029 (8th Dist.); and, *Ayad v. Radio One Inc.*, 8th Dist. No. 92159, 2009-Ohio-2139, which all held that sanctions for frivolous conduct are considered collateral issues that can be considered after a dismissal of the case. Accordingly, Linetsky's first assigned error is overruled.

### Law of the Case

{¶11} In her second assigned error, Linetsky argues the trial court's award of attorney fees was in contravention of the law of the case as set forth by this court in Linetsky's prior appeal.

{¶12} The law-of-the-case doctrine holds that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent

proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). This doctrine prevents a litigant from relying on arguments at retrial that were fully litigated, or could have been fully litigated, in a first appeal. *See Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-405, 1996-Ohio-174, 659 N.E.2d 781. Because the evidence argued in the hearing included evidence that had not been discovered at the time of the first appeal, different issues were raised and considered by the trial court.

{¶13} After the case was voluntarily dismissed, the court conducted a R.C. 2323.51 hearing based on evidence that was never presented in the prior appeal or summary judgment motions. As the court held in its opinion:

> **The fact that the appellate court found Plaintiff's claims not per se frivolous based upon the evidence before it does not mean that the court would not have found the case frivolous based upon other issues not before it. More testimony and evidence was presented during the hearings than those that were before the Eighth District.** Journal Entry, May 3, 2012.

{¶14} Therefore, because the trial court was considering new evidence and issues, it was not bound by the law of the case doctrine. Accordingly, Linetsky's second assigned error is overruled.

## Meritorious Claims

{¶15} In her third assigned error, Linetsky argues the trial court erred in concluding her claims were frivolous.

{¶16} This court in *In re Carothers*, 8th Dist. No. 96369, 2011-Ohio-6754, ¶10 and 11, held the standard of review regarding the trial court's decision to impose sanctions is as follows:

> **"Appellate review of a trial court's decision to impose sanctions pursuant to Civ.R. 11 and R.C. 2323.51, and upon whom to impose such sanction, is on an abuse of discretion standard."** *Mitchell v. W. Res. Agency*, **8th Dist. No. 86708, 2006-Ohio-2475, ¶47. Appeals concerning sanction awards, pursuant to R.C. 2323.51, require the application of a mixed standard of review and entail inquiring into questions of both law and fact.** *Wheeler v. Best Emp. Fed. Credit Union*, **8th Dist. No. 92159, 2009-Ohio-2139, ¶11. Although the trial court's determination of legal issues is given no deference, some deference is given to factual findings.** *Id*.

{¶17} Thus, on issues of law, the appellate review is de novo. However, regarding findings of fact we defer to the trial court and only reverse based on an abuse of discretion.

{¶18} R.C. 2323.51 provides that a party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action. The term "frivolous" is defined as conduct by a party to a civil action that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or

reversal of existing law." R.C. 2323.51(A)(2)(a)(ii). In determining whether the claim itself is frivolous, the test is whether no reasonable lawyer would have brought the action in light of the existing law. *Orbit Electronics, Inc. v. Helm Instrument Co. Inc.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, ¶ 47 (8th Dist.), citing *Riston v. Butler*, 149 Ohio App.3d 390, 397-398, 2002-Ohio-2308, 777 N.E.2d 857 (1st Dist.); *Lisboa v. Kleinman*, 8th Dist. No. 89703, 2008-Ohio-1270.

{¶19} DeJohn's motion for sanctions identified three grounds for finding Linetsky's claims to be frivolous: 1) Linetsky was aware of the loan rate for more than a month prior to the loan closing; 2) Linetsky provided inaccurate information regarding her employment and income, that if known to be untrue, would have disqualified her from obtaining a loan; and 3) the loans, in spite of Linetsky's claims otherwise, were completed according to disclosure laws required by Ohio and federal law. After conducting a hearing that lasted several days, the trial court agreed with DeJohn.

{¶20} The trial court found based on the testimony and evidence submitted at the hearing that Linetsky received the loan that she had bargained for and that, although initially she was seeking a fixed 30-year mortgage, her loan needs changed once she also decided to consolidate her credit card debt. The court agreed with DeJohn's expert witness that by signing the closing disclosure, Linetsky demonstrated she was in agreement with the loan terms. Even Linetsky's expert testified that by signing the disclosure form, Linetsky agreed to the terms.

**{¶21}** Additionally, the court found the fact that Linetsky also received a $9,000 cash-out would put her on notice that she was not receiving a conventional loan. Most damaging is the fact that Linetsky admitted in an email to DeJohn that she and her husband were aware at closing that she was receiving an adjustable rate mortgage, fixed for ten years, but signed anyway after "raising our eyebrows we figured, oh well, at least it is fixed for the first 10 years."

**{¶22}** The court also noted that Linetsky failed to object to the loan after paying the mortgage for 15 months, and receiving balance statements for these 15 months, which showed she was only paying interest. It was not until Linetsky attempted to again refinance with Washington Mutual and was rejected that she filed the lawsuit.

**{¶23}** The court also found no merit to Linetsky's claim that she received untimely notice of the loan changes pursuant to the MBA and CSPA. The loan officer who sent the fax testified that she worked on Linetsky's loan and testified to Washington Mutual's standard procedure in processing a loan. The officer stated that the loan would never have been "cleared to close" unless the underwriter had ensured that all notices were given in compliance with the TILA/CSPA and MBA. She also stated that she believed the fax was not the first notice that Linetsky had received regarding the change of terms. Pursuant to her standard procedure, she would have mailed the original signed copy directly to Linetsky, who was then responsible for sending the copy to Washington Mutual. The fax was just a copy. DeJohn's expert agreed that the loan would not have

been cleared to close by Washington Mutual without the proper notifications being given.

{¶24} DeJohn, who was the broker for the loan, testified that he had discussed the terms of the loan several weeks prior to the fax being sent; therefore, Linetsky was well aware of the terms of the loan. He stated that the fax was merely a copy reiterating the terms.

{¶25} Finally, the court found that Linetsky had unclean hands because she lied on her application for the loan by misrepresenting her income and that she was self-employed for 18 months, when it was actually 10 months. Linetsky argues that the doctrine of unclean hands, which is an equitable principle, does not apply to statutory claims under the CSPA or MBA and cites to California law in support thereof because there is no Ohio law on the issue. However, even if it is true that the unclean hands doctrine does not apply to a statutory claim, the trial court also found as we stated above that the facsimile notice that Linetsky received on the day of closing was not the first notice of the change in terms that she received. Moreover, the fact that she engaged in "fraudulent conduct" by misrepresenting her income and employment supports the court's conclusion that her claims were frivolous, because she would not have even qualified for the loan if her real income and employment history were used to determine her eligibility.

{¶26} Linetsky also argues the best evidence rule prevents DeJohn from raising the unclean hands doctrine because he failed to present documentary evidence in support of his testimony that Washington Mutual required certain income limits and employment

times for loan eligibility. DeJohn testified that he was aware of the eligibility requirements of Washington Mutual based on his job as a broker. Therefore, he could testify to the requirements. Moreover, Linetsky's objection based on the best evidence rule was that DeJohn could not testify to the fact that he mailed the notice of the terms of the loan to Linetsky for her signature without presenting the document. (Tr. 107.) The court properly concluded that this was a matter that DeJohn could be cross-examined on and overruled the objection.

{¶27} Based on the evidence presented and the deference we are to give to the trial court's factual findings, we conclude the trial court did not err by determining that Linetsky's claims were frivolous. Accordingly, Linetsky's third assigned error is overruled.

### Failure to Conduct a Hearing

{¶28} In her fourth assigned error, Linetsky argues the trial court erred by ordering attorney fees without conducting a hearing on the amount to be awarded.

{¶29} R.C. 2323.51(B) provides:

**(2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following:**

**(a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;**

**{¶30}** Thus, R.C. 2323.51(B)(2) requires a hearing to be conducted to determine the amount of the award. However, this court has held the evidence that would be presented at a hearing could be submitted in writing.

> **Such a hearing date provides an opportunity for each party to submit briefs and evidentiary material which may support their respective positions. The hearing is not required to be an oral hearing. Whether the hearing is to be conducted on the submitted matters or orally remains discretionary with the trial court.** *Wheeler v. Best Emp. Fed. Credit Union*, 8th Dist. No. 92159, 2009-Ohio- 2139, ¶ 22.

**{¶31}** DeJohn's attorney included in his written closing argument that he was requesting the fees in the amount of $9,045 and attached an itemization of the fees and a billing invoice, representing the amount. He also attached the affidavit of an expert regarding the reasonableness of the fees. Linetsky filed her written closing argument one day later; thus, arguably, her attorney did not see DeJohn's closing argument prior to submitting Linetsky's. However, the court did not issue its judgment until almost six months later, which would have allowed Linetsky's counsel time to object to the fees requested or request leave to file a supplemental brief to address DeJohn's fees. He failed to do so. Under these circumstances, where counsel had time to object prior to the court's decision, we conclude the trial court did not abuse its discretion by awarding the

fees without conducting a hearing. Accordingly, Linetsky's fourth assigned error is overruled.

## Linetsky's Claim for Attorney Fees

**{¶32}** In her fifth assigned error, Linetsky argues the trial court erred in failing to order DeJohn to pay her attorney fees for having to defend against DeJohn's motion for attorney fees.

**{¶33}** Given our disposition of the above assigned errors in which we found the trial court did not err in granting DeJohn's motion for attorney fees, this assigned error is moot. Accordingly, Linetsky's fifth assigned error is overruled.

**{¶34}** Judgment affirmed.

It is ordered that appellee recover from appellants, the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
KATHLEEN ANN KEOUGH, J., CONCUR