[Cite as *State ex rel. Linetsky v. Friedman*, 2013-Ohio-3257.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100117

# STATE OF OHIO, EX REL., TANYA LINETSKY

RELATOR

vs.

# JUDGE STUART FRIEDMAN

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Prohibition
Motion Nos. 466723 and 466734
Order No. 466836

**RELEASE DATE:** July 24, 2013

**ATTORNEYS FOR RELATOR**

Rhys B. Cartwright-Jones
42 North Phelps St.
Youngstown, OH 44503

Harlan D. Karp
850 Euclid Avenue, Suite 1330
Cleveland, OH 44114


**ATTORNEY FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** On July 16, 2013, the relator, Tanya Linetsky, commenced this prohibition action against the respondent, Judge Stuart Friedman, to prevent the judge from taking further action in the underlying case, *Linetsky v. DeJohn*, Cuyahoga C.P. No. CV-672668. Specifically, Linetsky is seeking to prohibit the judge from holding a hearing on a motion for additional attorney fees that is scheduled for the afternoon of July 24, 2013, and from ruling on that motion. On July 18, 2013, this court instructed the petitioner to submit a copy of a September 25, 2012 journal entry denying the motion for additional attorney fees as moot. Also, on that date, Linetsky filed an application for an alternative writ. On July 19, 2013, Linetsky's attorney filed the compliance with this court's order in which he stated that he could not find a signed September 25, 2012 journal entry after making a search of the trial court file. For the following reasons, this court sua sponte denies the applications for an alternative writ and a writ of prohibition.

{¶2} In the underlying case, Linetsky sued DeJohn, a mortgage broker, for, inter alia, fraud, negligence, and violations of the Federal Truth in Lending Act, the Ohio Consumer Sales Practices Act, and the Ohio Mortgage Broker Act. After considerable litigation, Linetsky voluntarily dismissed her claims against DeJohn pursuant to Civ.R. 41(A). DeJohn then filed a motion for attorney fees pursuant to R.C. 2323.51, frivolous conduct in civil actions. Judge Friedman conducted an extensive hearing on the matter in November 2011. On May 4, 2012, the judge granted DeJohn's motion and awarded $9,045.00 in attorney fees. Linetsky appealed on May 16, 2012, and filed a bond for stay of judgment. On May 24, 2012, DeJohn then filed the subject motion for additional attorney fees expended in preparing for and presenting the evidence for the November 2011 hearing. Linetsky filed a brief in opposition to the subject motion on May 31, 2012. This court affirmed the award of attorney fees on December 27, 2012. *Linetsky v. DeJohn*, 8th Dist. Cuyahoga No. 98370, 2012-Ohio-6140. DeJohn subsequently satisfied his award through the bond.

{¶3} On the docket of the underlying case on the line noting the filing of the subject motion, there is the notation "09/25/2012 - moot." However, there is no separate docket entry for September 25, 2012, evidencing an actual journal entry denying the subject motion as moot. Moreover, as sworn in the attorney's affidavit, there is no electronic image of a journal entry denying the subject motion as moot, nor is there a "hard copy" of such a journal entry in the case file. On July 8, 2013, the respondent

judge set the subject motion for a hearing on July 24, 2013.  Linetsky then filed this prohibition action.

{¶4} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law.  *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus.   "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction."   *State ex rel. Sparto v. Juvenile Court of Darke Cty.,*   153 Ohio St. 64, 65, 90 N.E.2d 598 (1950).   Furthermore, it should be used with great caution and not issue in a doubtful case.   *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and *Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956).   Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition.   *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995).   However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the

subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶5} Linetsky argues that a writ of prohibition should issue basically on two theories, (1) termination of jurisdiction and (2) law of the case. Under the termination of jurisdiction principle, when a trial court unconditionally dismisses a case or a matter, or the plaintiff voluntarily dismisses a case under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed. A writ of prohibition will issue to prevent the exercise of jurisdiction. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853. Nevertheless, even when a case has otherwise been fully resolved, the court retains jurisdiction to consider collateral issues, such as contempt and sanctions. *State ex rel. Benbow v. Runyan*, 99 Ohio St.3d 410, 2003-Ohio-4127, 792 N.E.2d 1124; and *State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.,* 100 Ohio App.3d 592, 654 N.E.2d 443 (8th Dist.1995).

{¶6} Linetsky argues that the underlying case must be fully resolved because the docket shows that the subject motion is moot and because she had dismissed the claim and DeJohn litigated the issue of attorney fees all the way through collecting the judgment. As a corollary to the termination of jurisdiction principle, a judge may not

modify a final judgment; attempts to do so are nullities. *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981).

{¶7} However, the court concludes that there is no authentic journal entry resolving the subject motion. The lack of a separate listing for such a ruling on September 25, 2012, on the docket; the lack of an electronic image in the clerk's record; and the lack of a hard copy in the case file convinces this court that the judge never issued a journal entry denying the subject motion as moot. *State v. Turner*, 8th Dist. Cuyahoga No. 88489, 2007-Ohio-3263, on which Linetsky relies, supports the conclusion that there must be an actual signed journal entry and not just a notation on the docket. Although this court affirmed in *Turner* the principle that a court speaks through its journal, the court dismissed the appeal for lack of a final, appealable order because there was no signed, file-stamped journal entry in the record, even though the docket said there was a sentence and the parties stipulated to that as a fact. Civ.R. 58(A) requires a judge's signature. Thus, the motion is still outstanding, and the termination of jurisdiction principle is not invoked on the grounds that the subject motion is resolved.

{¶8} The subject motion arguably is a motion for sanctions and comes within the exception to the termination of jurisdiction principle. Therefore, the respondent judge has sufficient jurisdiction to determine his own jurisdiction, and prohibition will not lie. Appeal provides an adequate remedy at law to determine whether the trial court had jurisdiction. *In re: K.H.,* 8th Dist. Cuyahoga No. 92618, 2009-Ohio-5273 (jurisdiction of trial court determined on appeal).

{¶9} The doctrine of the law of the case "provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). Thus, "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Id.* at syllabus. The doctrine is a rule of practice rather than a binding rule of substantive law and will not be applied to achieve unjust results. *Id.* at 3. Although a court may issue an extraordinary writ to enforce law of the case, issues concerning its application are often also resolved on appeal. *State ex rel. Davis v. Cleary*, 77 Ohio App.3d 494, 602 N.E.2d 1183 (8th Dist.1991).

{¶10} In the present case, it is not certain that adjudicating the subject motion would disregard the mandate of this court in *Linetsky*, 8th District Cuyahoga No. 98370, 2012-Ohio-6140. Certainly, if DeJohn was attempting to add to the sanctions for the time period before the hearing, then adjudication would be prohibited. However, the subject motion is arguably another motion for sanctions occurring after the time period for the initial motion for sanctions. Thus, it is arguably outside the scope of the mandate in *Linetsky*. Again, the respondent judge has sufficient jurisdiction to determine his own jurisdiction, and prohibition will not lie.

{¶11} This is a narrow holding. Prohibition should not issue in doubtful cases, and the subject motion is arguably within exceptions to the termination of jurisdiction and law of the case principles. Thus, the trial court must determine his own jurisdiction.

Nothing in this opinion should bar Linetsky from arguing jurisdiction, law of the case, waiver, satisfaction, laches, or any other good-faith argument.

{¶12} Accordingly, this court denies the applications for an alternative writ and the writ of prohibition. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶13} Writ denied.

_____

EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR