[Cite as *Griffin v. Churneys Bodyworks, Inc.*, 2020-Ohio-3889.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SEAN GRIFFIN,                              :

      Plaintiff-Appellant,          :

                               No. 108782

      v.                                        :

CHURNEYS BODYWORKS, INC.,          :
ET AL.,

                                :

      Defendants-Appellees.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-909656

---

### *Appearances:*

Vick Law, L.L.C. and Gary A. Vick, Jr., *for appellant.*

Gallagher Sharp L.L.P., Todd M. Haemmerle, and Richard
C.O. Rezie, *for appellees.*

---

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant, Sean Griffin ("Griffin"), appeals the trial court's decision granting defendants-appellees, Churneys Bodyworks, Inc., and Michael Churney, (hereinafter, "Churneys") motion for sanctions, filed pursuant to Civ.R. 37 and R.C. 2323.51. Griffin argues that the trial court lacked jurisdiction and that the

fees awarded were excessive. For the following reasons, we affirm the decision of the trial court granting the motion.

**Facts**

{¶ 2} The facts of the underlying lawsuit are not relevant to this appeal. We will, however, examine the facts that led to Churneys's motion for sanctions.

{¶ 3} On or about March 11, 2019, Churneys served a set of interrogatories and a request for production of documents on Griffin. On March 20, 2019, Churneys served a notice of deposition on Griffin, scheduling the deposition for April 29, 2019. Churneys informed Griffin that they were amenable to a different date if April 29 did not work for him.

{¶ 4} On April 18, 2019, having not received any response from Griffin, Churneys followed up via email requesting the written discovery responses, which they required to prepare for the deposition. Griffin did not respond. On April 25, 2019, Churneys emailed Griffin again, reminding Griffin that the deposition was scheduled for April 29. Griffin again did not respond.

{¶ 5} On April 29, 2019, Churneys had a court reporter present for the deposition. Neither Griffin nor his attorney appeared. On April 29, 2019, Churneys filed a motion to compel with the trial court. That same day, the trial court issued the following order:

> Court in receipt of motion to compel. Plaintiff has failed to provide discovery and has not sought nor obtained an extension. Plaintiff ordered to provid[e] defendant all outstanding discovery on or before 5/3/19 and to arrange for plaintiff's deposition on or before 1PM on

5/13/19. Parties ordered to cooperate in the scheduling of the deposition.

Dates and orders remain as set. Court is to be notified by 3PM on 5/13/19 of the plaintiff's compliance or noncompliance with this order. Failure to comply may result in sanctions including dismissal and/or contempt.

Notice issued.

**{¶ 6}** On April 30, 2019, Churneys emailed Griffin, proposing either a May 9, or May 13 deposition. On May 4, 2019, one day after the court's deadline for discovery, Griffin provided discovery responses and suggested that the parties could discuss a deposition and/or a resolution the following week.

**{¶ 7}** On May 4, 2019, Churneys responded that deposition dates had already been proposed and that Churneys was waiting for Griffin's response as to the preferred date. Churneys also stated that the discovery responses were incomplete because Griffin had failed to provide certain photographs. Griffin did not respond.

**{¶ 8}** On May 7, 2019, Churneys again reached out to Griffin, reminding Griffin of the proposed deposition dates and the required discovery material. Griffin did not respond to this message.

**{¶ 9}** On May 13, 2019, Griffin filed a notice of dismissal without prejudice pursuant to Civ.R. 41.

**{¶ 10}** On May 17, 2019, Churneys filed a motion for sanctions pursuant to both Civ.R. 37 and R.C. 2323.51. The court set a hearing for June 11, 2019, and ordered that Griffin's brief in response be submitted on or before May 28, 2019.

Griffin requested two extensions of time; the court granted those extensions but ordered on June 7, 2019, that the response be submitted before noon on June 10, 2019, in advance of the June 11 hearing. Griffin submitted a brief on June 10, 2019, that included arguments that the court lacked the jurisdiction to grant the motion for sanctions.

{¶ 11} At the June 11, 2019 hearing, counsel for Churneys submitted exhibits detailing the time and expenses associated with the lawsuit; the time charges totaled $2,385. Counsel estimated that the legal fees associated with preparing for the evidentiary hearing would equal $750. Finally, counsel submitted a $150 invoice for the transcription services counsel used for the April 29, 2019 deposition at which Griffin failed to appear.

{¶ 12} At the hearing, Griffin's counsel apologized for his lack of responsiveness and his conduct generally. Griffin's counsel did not object to the expenses; in fact both parties spoke off the record and agreed that "the court should enter an order." (Tr. 12.) Following these discussions, the court stated:

> Okay. And [t]he [c]ourt is granting the motion with the amount of money of attorney fees and costs to be [$]150 for the deposition; [$]750 for today's cost and $2,385 which will be a total of $3,385. We discussed in the back time as far as payment so 45 days from today's date.

(Tr. 12.)

{¶ 13} This appeal followed. Griffin provides two assignments of error for our review.

**Assignments of Error**

<u>Assignment of Error No. 1</u>
The trial court committed reversible error in granting Appellee's Motion for Sanctions after Appellant had dismissed the case.

<u>Assignment of Error No. 2</u>
The Trial Court committed reversible error in awarding excessive attorney fees and costs.

**{¶ 14}** We will consider them in turn.

## Jurisdiction following dismissal

**{¶ 15}** Griffin argues that the trial court did not have jurisdiction to hear Churneys's motion for sanctions — filed pursuant to Civ.R. 37 and R.C. 2323.51 — after Griffin had already voluntarily dismissed the case under Civ.R. 41. We disagree.

**{¶ 16}** We note initially that in his June 10, 2019 brief to the trial court where he opposed sanctions, Griffin did raise the issue of whether the court lacked jurisdiction. However, at the hearing itself, Griffin's attorney did not object to jurisdiction; instead, the attorneys discussed the appropriate sanctions and costs off the record before agreeing to a suitable amount and asking that the court enter an order. Nonetheless, Griffin is entitled to raise this jurisdictional question, and we will address it now.

**{¶ 17}** Our precedent is clear; a Civ.R. 41 dismissal does not divest a trial court of jurisdiction to entertain collateral issues, such as the imposition of sanctions filed pursuant to R.C. 2323.51. *Jefferson Capital Sys. v. Gibson*, 8th Dist. Cuyahoga No. 108384, 2019-Ohio-4793. This is a well-trodden path we have walked before:

> While a Civ.R. 41(A)(1) voluntary dismissal generally divests a court of jurisdiction, a court may still consider collateral issues not related to the merits of the action. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002[-]Ohio[-]3605, 771 N.E.2d 853, ¶ 23, citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 [(1990)]; *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 556-557, 2001-Ohio-15, 740 N.E.2d 265 [(2001)]; *Grossman v. Mathless & Mathless, C.P.A.*, 85 Ohio App.3d 525, 620 N.E.2d 160 [(10th Dist.1993)]. A consideration of sanctions pursuant to Civ.R. 11 and R.C. 2323.51 are collateral issues. *Schwartz v. Gen. Acc. Ins. of Am.*, 91 Ohio App.3d 603, 606, 632 N.E.2d 1379 [(1st Dist.1993)]; *Lewis v. Celina Fin. Corp.*, 101 Ohio App.3d 464, 470, 655 N.E.2d 1333 [(3d Dist.1995)].

*ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, ¶ 6; *see also Gitlin v. Plain Dealer Publishing Co.*, 161 Ohio App.3d 660, 2005-Ohio-3024, 831 N.E.2d 1029, ¶ 14 (8th Dist.) (a Civ.R. 41 voluntary dismissal does not divest the trial court of jurisdiction to consider collateral matters, including a motion for sanctions, regardless of whether the motion for sanctions was filed before or after the voluntary dismissal).

{¶ 18} Griffin does not dispute this general rule; instead, he argues that, because the motion for sanctions was filed after the voluntary dismissal, it cannot be heard by the trial court. In support he relies on our decision in *Dyson v. Adrenaline Dreams Adventures*, 143 Ohio App.3d 69, 757 N.E.2d 401 (8th Dist.2001). *Dyson* is not dispositive, however. Our holding there is limited to a particular set of facts.

{¶ 19} In *Dyson*, the motion for sanctions was filed after the voluntary dismissal and, critically, was only filed pursuant to Civ.R. 37. We have discussed the correct interpretation of *Dyson* before:

The *Dyson* court focused its attention on when the motion for costs was filed in correlation to when the plaintiff voluntarily dismissed its complaint. We agree that the issue in *Dyson* was the timeliness of the motion for costs because the relief that was being sought was pursuant to Civ.R. 37 and 41. *Dyson* held that motions for discovery sanctions filed prior to the Civ.R. 41 dismissal are considered collateral and may survive a voluntary dismissal. *Dyson* at 72. However, *Dyson* also implicitly held that motions for sanctions filed pursuant to Civ.R. 11 and its statutory counterpart, R.C. 2323.51, are considered collateral, even though those motions are filed postdismissal. *Id.* at 73; *Williams v. Thamann*, 173 Ohio App.3d 426, 2007-Ohio-4320, 878 N.E.2d 1070, ¶ 5.

*ABN AMRO Mtge. Group, Inc.* at ¶ 12.

{¶ 20} While a Civ.R. 37 motion for sanctions cannot be heard when filed after a voluntary dismissal, R.C. 2323.51 explicitly allows for a filing after a dismissal. R.C. 2323.51(B)(1) provides that "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal."

{¶ 21} We have explained that the "thirty-day" time limit applies even when a case is dismissed without prejudice and there is not a final appealable order. *Edwards v. Lopez*, 8th Dist. Cuyahoga No. 95860, 2011-Ohio-5173, ¶ 12-13, citing *Gitlin*, 161 Ohio App.3d 660, 2005-Ohio-3024, 831 N.E.2d 1029. Therefore, a court retains jurisdiction over a motion for sanctions pursuant to R.C. 2323.51 when the motion has been timely filed after a voluntary dismissal under Civ.R. 41.

{¶ 22} Because Churneys filed their motion pursuant to R.C. 2323.51 in a timely manner, we find that the court retained jurisdiction to consider this collateral matter even though the motion for sanctions was filed after the case was voluntarily dismissed.

{¶ 23} This assignment of error is without merit.

**Attorney fees and costs**

{¶ 24} Griffin also argues that the court abused its discretion by ordering that he pay attorney fees and other costs because his counsel's behavior was not "frivolous conduct" pursuant to R.C. 2323.51. However, Griffin has waived the right to appeal this issue.

{¶ 25} It is unclear from the record as to why Griffin is appealing this issue. At the hearing, Griffin's counsel apologized for his handling of the case and represented to the court that he understood that he had missed opportunities to correct the issues that had arisen. After apologizing, the attorneys for both parties went off the record in order to discuss a resolution on the question of sanctions and costs. They agreed that the trial court should enter an order — the very order that Griffin now appeals.

{¶ 26} It is certainly true that Griffin submitted a response to Churneys's motion for sanctions in which he argued that sanctions were inappropriate and costs excessive. However, it is also undisputed that Griffin effectively withdrew his objections during the June 11 hearing. In short, he *agreed* to the amount of fees and costs.

{¶ 27} The following exchange makes this clear:

THE COURT: It does not absolve the defendant of what they've incurred. I mean we're talking almost $4,000 in bills that they've incurred that could have been avoided. I think they may have a good case for attorney fees and expenses. And, you know, you're welcome to talk to [Churneys's counsel] and see if he'll want to work on an amount that's less than what he's asking for but — [Griffin's counsel], I understand that people have problems but like I said, there were many ways you could have stopped the bleeding here and you just chose not to stop it.

* * *

THE COURT: So I'll give you a few minutes to talk to each other and then let me know.

(Thereupon, a break was had.)

THE COURT: We're back on the record. The two lawyers had the opportunity to talk for a few minutes. *They have agreed that the court should enter an order.*

* * *

THE COURT: Okay. And [t]he [c]ourt is granting the motion with the amount of money of attorney fees and costs to be [$]150 for the deposition; [$]750 for today's cost and $2,385 which will be a total of $3,385. We discussed in the back time as far as payment so 45 days from today's date.

(Emphasis added.) (Tr. 11-12.)

{¶ 28} As this quoted language demonstrates, Griffin waived the right to challenge the imposition and amount of fees by agreeing to the imposition of fees and costs. *See Tradesmen Internatl. v. Kahoe*, 8th Dist. Cuyahoga No. 74420, 2000 Ohio App. LEXIS 1062 (Mar. 16, 2000). Furthermore, counsel's objection to attorney fees in the lower court is a prerequisite to appellate review. *See, e.g., Proctor v. Proctor*, 48 Ohio App.3d 55, 62, 548 N.E.2d 287 (3d Dist.1988) (failure

to object to referee's report ordering attorney fees held to waive the matter on appeal).

**{¶ 29}** Griffin agreed to the imposition of fees and the amount of fees. As a result, there was no objection and the argument is waived on appeal. The second assignment of error is overruled.

**{¶ 30}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., CONCURS;
MICHELLE J. SHEEHAN, J., CONCURS IN JUDGMENT ONLY