[Cite as *Kruger v. First Choice Realty Automotive, L.L.C.*, 2022-Ohio-3677.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PAUL F. KRUGER,                                           :

      Plaintiff-Appellee,                            :

                                                    No. 111497

      v.                                                     :

FIRST CHOICE REALTY                                      :
AUTOMOTIVE, LLC, ET AL.,

      Defendants-Appellants.                          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:**  October 13, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court,
Case No. CV-20-931922

---

### *Appearances:*

Herman Law, L.L.C. and Edward F. Herman, *for appellee.*

L. Bryan Carr, *for appellants.*

EILEEN A. GALLAGHER, J.:

{¶ 1}  This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.  The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision.  *Univ. Hts. v. Johanan*, 8th Dist. Cuyahoga No. 110887, 2022-Ohio-2578, ¶ 1; *State v. Trone*, 8th Dist.

Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1, citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

{¶ 2} Defendants-appellants Fast Track Title Services, Inc. ("Fast Track") and Anthony Capuozzo (collectively, "appellants") appeal from an order of the Cuyahoga County Court of Common Pleas denying their motion for attorney fees and sanctions pursuant to R.C. 2323.51(B)(1) and Civ.R. 11. Appellants contend that the trial court erred in determining that it lacked jurisdiction to consider the motion after plaintiff-appellee Paul Kruger voluntarily dismissed his complaint.

{¶ 3} For the reasons that follow, we affirm the trial court with respect to appellants' request for relief under R.C. 2323.51(B)(1), reverse the trial court with respect to appellants' request for relief from Kruger's counsel under Civ.R. 11 and remand for further proceedings.

**Procedural and Factual Background**

{¶ 4} On April 16, 2020, Kruger filed a complaint against Fast Track, Capuozzo, First Choice Realty Automotive, LLC ("First Choice"), Michael Hampton, Jacqueline Hardges, Hoff & Leigh and Chad Whitmer in the Cuyahoga County Court of Common Pleas, asserting claims of fraud, civil conspiracy, breach of fiduciary duties, declaratory relief, quiet title, breach of contract, unjust enrichment, "personal liability/alter ego" and trespass related to ownership of, and an alleged agreement to purchase, property located at 4420-4424 Payne Avenue in Cleveland, Ohio. Appellants were sued for fraud, conspiracy and breach of fiduciary duty

related to their alleged role as escrow agents and the preparation of a warranty deed for the property.

{¶ 5} On May 14, 2020, appellants filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim for which relief could be granted against appellants. Kruger opposed the motion.

{¶ 6} On February 14, 2022, after reaching a settlement, Kruger voluntarily dismissed his claims against First Choice and Hampton, with prejudice. On March 1, 2022, Kruger filed a notice of dismissal, voluntarily dismissing his claims against the remaining defendants, including appellants, without prejudice. On March 4, 2022, the trial court entered a final judgment entry, stating, "Pursuant to the notices of dismissal filed herein, the case is dismissed with prejudice at plaintiff's costs. All pending motions are denied as moot."

{¶ 7} On April 4, 2022, appellants filed a motion pursuant to R.C. 2323.51 and Civ.R. 11 for "frivolous conduct," seeking to recover "sanctions" against Kruger and his counsel, including "reimbursement of attorney fees" incurred in defending the complaint. The trial court denied the motion, stating, "[A]s this matter was dismissed with prejudice by entry dated 3-4-2022, the court is without jurisdiction to hear defendants' motion for attorney fees and sanctions." On April 13, 2022, appellants filed a motion for reconsideration. Kruger opposed the motion for reconsideration.

**{¶ 8}** Appellants appealed, raising the following sole assignment of error for review:

> The trial court erred in denying appellants' motion for attorney fees and sanctions on the sole basis that it found it did not have jurisdiction because the case was voluntarily dismissed.

## Law and Analysis

**{¶ 9}** Appellants argue that the trial court's determination that it lacked jurisdiction to consider their motion for sanctions was "patently incorrect." They request that the trial court's judgment be reversed and that the case be remanded for the trial court to consider their motion.

**{¶ 10}** Kruger responds that the trial court properly denied appellants' motion under R.C. 2323.51 because "it was filed too late." Kruger "concedes that the trial court erred in determining that it did not have jurisdiction to consider [appellants'] request for sanctions under [Civ.R.] 11." (Appellee's Br. at 3.)

**{¶ 11}** R.C. 2323.51(B)(1) provides, in relevant part:

> [A]t any time *not more than thirty days after the entry of final judgment in a civil action* or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.

(Emphasis added.)

**{¶ 12}** As this court has previously held, a Civ.R. 41 dismissal does not divest a trial court of jurisdiction to entertain collateral issues, such as the imposition of sanctions filed pursuant to R.C. 2323.51 and Civ.R. 11. *See, e.g., Griffin v. Churneys Bodyworks, Inc.*, 8th Dist. Cuyahoga No. 108782, 2020-Ohio-3889, ¶ 15-22;

*Jefferson Capital Sys. v. Gibson*, 8th Dist. Cuyahoga No. 108384, 2019-Ohio-4793, ¶ 19; *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, ¶ 6-8; *Gitlin v. Plain Dealer Publishing Co.*, 161 Ohio App.3d 660, 2005-Ohio-3024, 831 N.E.2d 1029, ¶ 7-19 (8th Dist.).

{¶ 13} Although the trial court had jurisdiction to consider appellants' motion after Kruger voluntarily dismissed his complaint, R.C. 2323.51(B)(1) requires that a motion seeking relief under that provision be filed "not more than thirty days after the entry of final judgment." Appellants' motion was filed on April 4, 2022 — 34 days after Kruger filed his notice of voluntary dismissal and 31 days after the trial court entered its final judgment entry. Because appellants' motion was untimely, the trial court did not err in denying appellants' motion to the extent appellants sought relief under R.C. 2323.51(B)(1). *See, e.g., Edwards v. Lopez*, 8th Dist. Cuyahoga No. 95860, 2011-Ohio-5173, ¶ 8-13 (where motion for sanctions under R.C. 2323.51 was not filed within the time limit set forth in the statute, trial court "abused its discretion by ruling on the motion because it was not properly before the court"); *In re Krueger*, 8th Dist. Cuyahoga No. 100694, 2014-Ohio-3718, ¶ 9 (where motion for sanctions was not filed within the time limit set forth in the statute, "trial court erred by considering the motion under R.C. 2323.51").

{¶ 14} Civ.R. 11 does not articulate a time limit for filing a sanctions motion. Courts have held that a motion for sanctions under Civ.R. 11 must be filed "within a reasonable time after the final judgment." *See, e.g., State ex rel. DiFranco v. S.*

*Euclid*, 144 Ohio St.3d 571, 575, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 18, citing *Krueger* at ¶ 10. There has been no claim in this case that the timing of appellants' motion for sanctions under Civ.R. 11 was unreasonable. Accordingly, we reverse the trial court's judgment to the extent appellants seek relief from Kruger's counsel under Civ.R. 11[1] and remand for further proceedings.

{¶ 15} Appellants' assignment of error is sustained in part and overruled in part.

{¶ 16} Judgment affirmed in part, reversed in part, and remanded.

It is ordered that appellants and appellee share the costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR

---

[1] Civ.R. 11 does not allow for the imposition of sanctions against a party unless the party appeared pro se. *See* Civ.R. 11 ("For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule."); *see also Krlich v. Shelton*, 11th Dist. Trumbull No. 2018-T-0104, 2019-Ohio-3441, ¶ 31 ("By its own terms, Civ.R. 11 authorizes an award only against attorneys or pro se parties, not represented parties."); *D.L.M. v. D.J.M.*, 8th Dist. Cuyahoga No. 107992, 2019-Ohio-4574, fn.3 ("Civ.R. 11 only authorizes sanctions against the attorney, not the client."), citing *David v. Kaiser*, 6th Dist. Lucas No. L-03-1315, 2004-Ohio-3149, ¶ 5; *Evans v. Quest Diagnostics, Inc.*, 1st Dist. Hamilton No. C-140479, 2015-Ohio-3320, ¶ 11 ("Civ.R. 11 does not allow for the imposition of sanctions against a party unless that party appeared pro se.").